IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAMU WASHINGTON,

    Petitioner,

  vs.

STATE OF CALIFORNIA,

    Respondent.

/

No. CIV S-08-2901-CMK-P

ORDER

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

       In response to the court's February 6, 2009, order to show cause why this action should not be summarily dismissed, petitioner has requested either that the matter be held in abeyance pending exhaustion of claims, or that the petition be dismissed without prejudice. The district court is not required to sua sponte consider stay and abeyance in the absence of a request from the petitioner, see Robbins v. Carey, 481 F.3d 1143, 1148 (9th Cir. 2007), or to inform the petitioner that stay and abeyance may be available, see Brambles v. Duncan, 412 F.3d 1066,

1

1070-71 (9th Cir. 2005). When a stay-and-abeyance motion is filed, there are two approaches for analyzing the motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins, 481 F.3d 1143, applies. See Jackson, 425 F.3d at 661. In this case, it appears that petitioner seeks to exhaust claims not currently presented in his federal petition. Thus, petitioner stay request must be analyzed under Kelly.

Under Kelly, the district court is required to ". . . consider the option of holding the exhausted petition in abeyance so that the petitioner would be able to exhaust his claims in state court before attempting to amend his federal petition to include the newly exhausted claims." Jackson, 425 F.3d at 661 (citing Kelly, 315 F.3d at 1070). Whether to exercise this option is within the discretion of the district court. See Kelly, 315 F.3d at 1070. However, the Ninth Circuit has recognized the ". . . clear appropriateness of a stay when valid claims would otherwise be forfeited." Id. Moreover, a stay under such circumstances promotes comity by deferring the exercise of federal jurisdiction until after the state court has ruled. See id. As outlined in the court's order to show cause, it does not appear that the current claims have merit. Thus, there are no valid claims which would otherwise be forfeited absent a stay. The court is not inclined to exercise its discretion to grant a stay.

/ / /

/ / /

/ / /

/ / /

1         The court will, however, grant petitioner's alternate request for voluntary
dismissal of the action without prejudice.  Because no response to the petition has been filed,
leave of court is not required and the action is dismissed on petitioner's notice.  <u>See</u> Fed. R. Civ.
P. 41(a)(1)(A)(I).  The Clerk of the Court is directed to close this file.

        IT IS SO ORDERED.

DATED: April 14, 2009

                                       **CRAIG M. KELLISON**
                                       UNITED STATES MAGISTRATE JUDGE